# UNITED STATES DISTRICT COURT
## Western District of Washington

ENTERED ON DOCKET
FEB -3 2003
By Deputy

UNITED STATES OF AMERICA

V.

ROBERT R. KEPPEL

FILED LODGED RECEIVED
JAN 31 2003
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

**JUDGMENT IN A CRIMINAL CASE**

(For Offenses Committed On or After November 1, 1987)

Case Number:   CR02-5719RBL

Michelle R. Burrows
Defendant's Attorney

**THE DEFENDANT:**

_X_   pleaded guilty to the Information on August 8, 2002

___   pleaded nolo contendere to count(s) _____
      which was accepted by the court.

___   was found guilty on count(s) _____
      after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1832(a)(2), and § 2 | Theft of Trade Secrets | October 17, 2001 | 1 |

The defendant is sentenced as provided in pages 2 through _7_ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The defendant has been found not guilty on count(s) _____

___ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 05/11/75

Defendant's USM No.: 32342-086

Defendant's Residence Address:
4321 S. Terlyn Court
Portland, OR 97221

Defendant's Mailing Address:
Same

Annette L. Hayes
Assistant United States Attorney

January 31, 2002
Date of Imposition of Sentence

Signature of Judicial Officer

THE HONORABLE RONALD B. LEIGHTON
United States District Judge
Name & Title of Judicial Officer

January 31, 2003
Date

Defendant: ROBERT R. KEPPEL  
Case Number: CR02-5719RBL

Judgment--Page 2 of 6

# IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of Twelve (12) months + One (1) day.

✓ The court makes the following recommendations to the Bureau of Prisons:

Defendant serve sentence at BoP facility in Sheridan, Oregon.

___ The defendant is remanded to the custody of the United States Marshal.

___ The defendant shall surrender to the United States Marshal for this district:

   ___ at ___ a.m./p.m. on _____.
   ___ as notified by the United States Marshal.

✓ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ___ before 2 p.m. on _____.
   ___ as notified by the United States Marshal.
   ✓ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____  
United States Marshal

By: _____  
Deputy U.S. Marshal

Defendant:      ROBERT R. KEPPEL                              Judgment--Page __3__ of __6__
Case Number:    CR02-5719RBL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____
Three (3) years
_____.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

___     The defendant shall refrain from any *unlawful use of a controlled substance*. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

_X_     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

_X_ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the *Schedule of Payments* set forth in the *Criminal Monetary Penalties* sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below):

## SEE ATTACHED SPECIAL CONDITIONS OF SUPERVISION

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer 10 days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant: ROBERT R. KEPPEL  
Case Number: CR02-5719RBL

Judgment--Page 4 of 6

# ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall be prohibited from possessing a firearm or destructive device as defined in 18 U.S.C. § 921.

2. The defendant shall submit to mandatory drug testing pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d). YES ___ NO_X_

3. The defendant shall submit to a search of his person, residence, office, property, storage unit or vehicle conducted in a reasonable manner and at a reasonable time by the U.S. Probation Office.

4. The defendant shall participate in a mental health program, as directed and approved by the U.S. Probation Office, which includes compliance with psychiatric counseling, psychological counseling, and or the use of medications prescribed.

5. Restitution ordered by the Court is due immediately. Any unpaid amount is to be paid during the period of supervision as directed by the U.S. Probation Office. Interest on the restitution shall be waived.

6. The defendant shall provide his probation officer with access to any requested financial information, including authorization to conduct credit checks and obtain copies of defendant's Federal Income Tax Returns.

7. The defendant shall allow the U.S. Probation Office to inspect any personal computer owned or operated by defendant.

8. The defendant shall notify his probation officer of all computer software owned or operated by defendant at the commencement of supervision, and report any additional software purchase, acquisition, or use during the course of supervision.

9. The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the U.S. Probation Office.

10. Defendant's employment shall be approved in advance by the U.S. Probation Office.

| Defendant: | ROBERT R. KEPPEL | Judgment--Page 5 of 6 |
|---|---|---|
| Case Number: | CR02-5719RBL | |

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $100.00 | $ -0- | |

___ If applicable, restitution amount ordered pursuant to plea agreement..... $ _____

## FINE

__X__ The Court finds that the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived.

The above fine includes costs of incarceration and/or supervision in the amount of $ _____

## RESTITUTION

___ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

__X__ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Microsoft Corporation<br>One Microsoft Way<br>Building 8 - Room 2062<br>Redmond, WA 98052 | | | |
| **Totals:** | $ _____ | $ 500,000.00 *with a credit of $200,000.00 for the value of the forfeited property* | |

## INTEREST ON FINES AND RESTITUTION

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

___ The court has determined that the defendant does not have the ability to pay interest on any fine and/or restitution, and it is ordered that:
    __X__ The interest requirement is waived.
    ___ The interest requirement is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant:     ROBERT R. KEPPEL                                    Judgment--Page 6 of 6
Case Number:   CR02-5719RBL

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  XX      in full immediately; or

B  ___     $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ___     not later than _____; or

D  ___     in installments to commence ____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ___     in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ ____ over a period of ____ year(s) to commence ____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

XX    MAKE CHECK(S) FOR ALL CRIMINAL MONETARY PENALTIES, INCLUDING SPECIAL ASSESSMENTS, FINES, AND RESTITUTION, PAYABLE TO:

United States District Court Clerk, Western District of Washington. For restitution payments, the Court is to forward money received to Microsoft Corporation (name of party[ies] receiving restitution). See address on page 5 of this judgment.

___   The defendant shall pay the cost of prosecution.

XX    The defendant shall forfeit the defendant's interest in the following property to the United States:

See Page 7 of this judgment

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States Attorney.

| | | |
|---|---|---|
| Defendant: | ROBERT R. KEPPEL | Judgment--Page 6 of 7 |
| Case Number: | CR02-5719RBL | |

## FORFEITURE

1. $12,552.77 in U.S. FUNDS, more or less, from US Bank, Account 153607353031 in the name of Keen Interactive Business;

2. $1,062.12 in U.S. FUNDS, more or less, from US Bank, account 153591054652 in the name of Robert Keppel;

3. $1,570.16 from US Bank, more or less account 153604461670 in the name of Robert Keppel;

4. $41,785.93 from US BANK more or less, account 153691259540 in the name of Cheat Sheets;

5. 2001 LEXUS RX300, VIN # JTJHF10U910197713;

6. 1997 FERRARI 355 SPIDER CONVERTIBLE, VIN # ZFFXR48A0V0107499.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties (USAO 06/99)  Case 3:02-cr-05719-RBL   Document 22   Filed 01/31/03   Page 7 of 8

| | | |
|---|---|---|
| Defendant: | ROBERT R. KEPPEL | Judgment--Page 6 of 7 |
| Case Number: | CR02-5719RBL | |

```
                                                              ec
                  United States District Court
                           for the
                  Western District of Washington
                       February 3, 2003


          * * MAILING CERTIFICATE OF CLERK * *


Re:   3:02-cr-05719



True and correct copies of the attached were mailed by the clerk to the
following:


         USPO - Tacoma
         US PROBATION OFFICE
         ROOM 1310
         1717 PACIFIC AVE
         TACOMA, WA   98402-3231
         FAX 1-253-593-6378

         PTS - Tacoma
         PRETRIAL SERVICES
         1717 PACIFIC AVE
         TACOMA, WA   98402
         FAX 1-253-593-6435

         Michelle R Burrows, Esq.
         KOHLER & BURROWS
         STE 203
         618 NW GLISAN
         PORTLAND, OR   97209

         Annette L Hayes, Esq.
         U S ATTORNEY'S OFFICE
         STE 5100
         601 UNION ST
         SEATTLE, WA   98101-3903
         FAX 553-2502

         Richard Edward Cohen, Esq.
         U S ATTORNEY'S OFFICE
         STE 5100
         601 UNION ST
         SEATTLE, WA   98101-3903
         FAX 553-6934

         USMO - 6 CERTS

         RBL

         FINANCIAL
```